Appellant Billie Jo Abbott appeals a judgment of the Knox County Common Pleas Court awarding her damages in the amount of $9050.92 against appellees Jason Kolenc and State Farm Mutual Automobile Insurance:
ASSIGNMENTS OF ERROR
 ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED BY NOT DIRECTING A VERDICT AS TO THE ISSUE OF THE NEGLIGENCE OF DEFENDANT JASON KOLENC AT THE CONCLUSION OF PLAINTIFF'S CASE.
 ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ALLOWING INTO EVIDENCE AND LATER INSTRUCTING THE JURY ON THE APPLICABILITY OF THE FIVE THOUSAND DOLLAR "MEDPAY" PROVISION IN PLAINTIFF-APPELLANT'S BILLIE JO ABBOTT'S INSURANCE.
 ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY NOT INSTRUCTING THE JURY AS TO THE APPLICABILITY OF PUNITIVE DAMAGES.
 ASSIGNMENT OF ERROR NO. 4
 THE TRIAL COURT ERRED BY INSTRUCTING THE JURY AS TO THE APPLICABILITY OF CONTRIBUTORY NEGLIGENCE.
Appellant was employed as a road crew laborer. She was required to attend certain seminars in order to be sufficiently trained in the handling of certain chemicals and machines. On February 5, 1996, appellant was attending one of the seminars. She ran into Kelly Cunningham, a friend of hers. Appellant and Cunningham went together to a bar. At the bar, appellant and Cunningham ran into Kolenc and Sal Mominey, who was married to appellant at the time of trial.
Around 11:00 or 11:30, appellant and Cunningham decided to leave the bar. Kolenc requested a ride, as he also was going to the seminar training center. According to Kolenc, Mominey was planning to "smoke a joint" on the way back, and Kolenc did not want the smell of marijuana on his clothes when he returned to the training center. Cunningham and appellant agreed to give a ride to Kolenc and his friend, Dennis James.
Cunningham was not feeling well, and was unable to drive. According to appellant, Cunningham asked her to drive the car, but Kolenc took the keys from her and insisted on driving. According to Kolenc, Cunningham asked him to drive the car. Kolenc claimed that appellant and Cunningham sat within fifteen feet of him while he drank six beers at the bar.
The car proceeded on the road back to the training center. According to Kolenc, Sal Mominey passed him on a two-lane road and cut him off, causing Kolenc to brake and hit the guardrail. According to Mominey, he was always driving in front of Kolenc, and Kolenc lost control of the car.
The passengers of the car were taken to the nearby Knox Community Hospital. Appellant was examined and released the same day after receiving treatment. The next day, feeling sharp pain in her head and neck, appellee was taken to Bethesda Hospital in Zanesville. The doctors at the hospital examined appellant, and told her that she had a fracture of the C-7 vertebra, and that she had glass in her ear.
Appellant filed the instant action against Kolenc and State Farm, alleging negligence. Appellant was insured under a policy issued by State Farm Insurance at the time of the accident.
The case proceeded to jury trial in the Knox County Common Pleas Court. The jury returned a verdict in favor of appellant in amount $15,084.86. The jury also found that appellant was forty percent contributorily negligent. The court accordingly modified the award to $9,050.92.
 I
Appellant argues that the court erred as a matter of law by failing to direct a verdict against Kolenc on her claim for negligence. As the jury returned a verdict finding Kolenc to be negligent, any possible error in failing to direct a verdict is rendered harmless.
The first assignment of error is overruled.
 II
Appellant argues that the court erred in admitting evidence, during cross examination of appellant, that appellee-State Farm had paid $5,000.00 to appellant pursuant to the MedPay provision in her insurance contract with State Farm. Appellant argues that the admission of this evidence violated the Collateral Source Rule.
The Collateral Source Rule provides that evidence of compensation from collateral sources is not admissible to diminish the damages for which a tort feasor must pay for his negligent act. Pryor v. Webber (1970), 23 Ohio St.2d 104, paragraph two of the syllabus.
In the instant case, appellant testified repeatedly on direct examination that she had a series of medical bills which had gone unpaid. She testified as to a series of individual bills, claiming that the bills were unpaid. She further conveyed to the jury that she did not have money to make the payments on the bills, and the situation was affecting her credit rating and costing her additional money in interest. The court therefore admitted the evidence of the $5,000.00 Med Pay on the issue of credibility only.
Further, the jury returned with the question during deliberations concerning whether they should offset the $5,000.00 appellant already received against damages. The court instructed the jury that they could consider the $5,000.00 as to the credibility of appellant, they may not use that figure to offset any damages that appellant might be entitled to receive from appellees. Counsel for appellant indicated on the record that he was satisfied with instruction. There is no indication in the record the jury failed to properly follow this instruction.
The second assignment of error is overruled.
 III
Appellant argues that the court erred in failing to instruct the jury on punitive damages. At side bar conference, the court stated on the record that appellant had dropped her claim for punitive damages. Tr. 88. Counsel for appellant did not respond to the court's statement. In addition, counsel for appellant stated on the record that the jury instructions were "fine" as given to the jury. Tr. 382. Therefore, it appears from the record that appellant abandoned her claim for punitive damages, or at the very least, waived any error in the jury instruction by failing to request a punitive damages instruction.
The third assignment of error is overruled.
 IV
Appellant argues that the finding that she was forty percent contributorily negligent is against the manifest weight of the evidence.
A judgment supported by some competent, credible evidence will not be reversed by the reviewing court as against the weight of the evidence. C.E. Morris Company v. FoleyConstruction Company (1978), 54 Ohio St.2d 279.
Appellant argues that she was not negligent, as she was not aware Kolenc was drinking before taking the wheel of the car, and he had taken the car keys physically from her possession, insisting that he drive. However, Kolenc testified that the bar was a small establishment, and appellant sat no more than fifteen feet away from him, for a few hours, watching him drink. He further testified that Cunningham willingly gave him the car keys, asking him to drive because she did not feel well. He testified that he never wrenched the car keys from appellant's grasp, insisting that he drive. From this evidence, the jury could conclude that appellant was contributorily negligent for getting in the car with appellant, knowing that he had been drinking.
Appellant also argues that the court erred in admitting evidence that she was not wearing her seat belt. However, she did not object to this evidence, and has waived any error.
The fourth assignment of error is overruled.
The judgment of the Knox County Common Pleas Court is affirmed.
By Gwin, J., Wise, P.J., and Farmer, J., concur.
---------------------
---------------------
 --------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Knox County Common Pleas Court is affirmed.
---------------------
---------------------
 --------------------- JUDGES